IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR WAKULLA COUNTY, FLORIDA

RICHARD C. O'CONNER

Case No. 2001-CA 208

Plaintiff,

vs.

DAVID HARVEY in his
official capacity as
WAKULLA COUNTY SHERIFF;
WAKULLA COUNTY, FLORIDA

Defendants.
_____/



## COMPLAINT

COMES NOW, the plaintiff, RICHARD C. O'CONNOR, and sues DAVID HARVEY in his official capacity as WAKULLA COUNTY SHERIFF and WAKULLA COUNTY, FLORIDA the defendants and alleges:

1. This is an action for damages that exceed $15,000.00.

2. This Court has subject matter jurisdiction of this action pursuant to 42 U.S.C. Section 1983 et.seq. and Florida Statute 768.

3. On or about July 25, 2001 the Plaintiff, Richard C. O'Connor, was a juvenile prisoner at the Wakulla County Jail.

4. The defendant, Sheriff David Harvey sued here in his official capacity, was charged with the proper supervision of his prisoner.

5. The defendant, Wakulla County Florida is a municipal corporate body politic which provides a number of services to those residing within its borders, including provision of police protection, and is a person within the meaning of 42 U.S.C. Section 1983 and Florida Statute 768.

Page 1 of 4

6. Pursuant to Florida Statute 768 notice was given to the Florida State Department of Insurance, Division of Risk Management in a timely manner. The file is Number 121300A1.

7. On or about July 25, 2000 the Plaintiff was a prisoner being held in the Wakulla County Jail. He was a juvenile at the time.

8. The juvenile was placed in a cell with Dwayne H. Faulkner and Casey Charles Miller.

9. Over a period of approximately two days the Plaintiff was severely beaten by Dwayne Faulkner and Casey Miller over and over again. He lay in his cell for what could have been up to 48 hours before he was found by the defendant's jailers. Such negligent supervision resulted in a compounding of the damages and harm suffered by the Plaintiff.

10. In a probable cause affidavit filed by Deputy Glen Ganus concerning the criminal cases against Faulkner and Miller, the deputy noted that the Plaintiff's eyes were extremely black and blue, both ears were bruised as were the ribs on both sides of his body. The left side of the Plaintiff's body was swollen and he had black stripes around the side of his back.

11. Deputy Sergeant Taylor took photographs of the Plaintiff. The affidavit goes on to say that the deputies saw severe bruises around each eye and the Plaintiff could hardly see out of either one. Under his left eye he had approximately four cuts on his cheek. In addition to the bruises on his ribs, he had extensive bruising on his stomach and legs. Deputy Ganus wrote that both Faulkner's and Miller's knuckles were red and appeared bruised as if they had been beating on something.

## COUNT I

## NEGLIGENT SUPERVISION

12. Plaintiff hereby realleges paragraphs 1-11.

13. The defendants owed Plaintiff a duty to properly supervise his stay as a prisoner at the

Wakulla County Jail. In this they failed.

14. As a juvenile prisoner the Sheriff is required to keep a close watch on the Plaintiff. His whereabouts and movements about the cell are to be carefully and specifically monitored.

15. The Plaintiff, badly beaten and bruised, was not discovered by the Defendants until possibly as much as two days after he received the first beating.

16. The Defendants owed Plaintiff a duty of care to protect him from potentially dangerous or abusive prisoners.

17. As a direct and proximate result of the Defendants' negligence the Plaintiff suffered great bodily harm, long term pain and suffering continuing in nature, mental anguish, humiliation and emotional distress.

## COUNT II

## DELIBERATE INDIFFERENCE

18. The plaintiff realleges paragraphs 1-17.

19. Defendants under color of statute, ordinance, regulation, custom and usage have subjected and caused Plaintiff to be subjected to the deprivation of rights, privileges and immunities secured by the Constitution and laws pursuant to 42 U.S.C. 1983 and the 14th Amendment in that the Defendants were deliberately indifferent to the Plaintiff's situation and danger he was exposed to while in their custody.

20. By breaching their duty to keep close watch on a juvenile prisoner, the Defendants placed the Plaintiff in jeopardy by failing to directly supervise and continually keep him under their direct control.

21. As a direct and proximate result the Plaintiff suffered great bodily harm, long term pain and suffering continuing in nature, mental anguish, humiliation and emotional distress from having been beaten by Faulkner and Miller.

22. Pursuant to 42 U.S.C. 1983 the Plaintiff seeks legal fees and all costs related to this cause of action.

WHEREFORE, the plaintiff demands judgement for all legal damages against the defendants and for any other relief this Court deems just and proper.

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

*Steven P. Glazer*
STEVEN P. GLAZER
2310 Mavis Circle
Tallahassee, FL 32301-6715
850 926 1234
Florida Bar No. 0789798