IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR WAKULLA COUNTY, FLORIDA

RICHARD C. O'CONNOR,

    Plaintiff,

vs.

DAVID HARVEY, in his official capacity as
Wakulla County Sheriff; and WAKULLA
COUNTY, FLORIDA,

    Defendants.
_____/

4:01cv385SPM

~~CASE NO. 2001-CA208~~

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HARVEY

COMES NOW Defendant, DAVID HARVEY, in his official capacity as Sheriff of Wakulla County, Florida, and answers Plaintiff's Complaint as follows:

1. Denied.

2. Admitted.

3. Admit that Plaintiff was a juvenile incarcerated in the Wakulla County Jail. Denied as to the date set forth in this paragraph.

4. Denied.

5. The allegations in this paragraph do not appear to pertain to Defendant Harvey. To the extent Plaintiff attempts to state a claim against Defendant Harvey, all allegations are denied.

6. Admitted.

7. Admitted.

8. Admitted.

9. Without knowledge as to actions taken against Plaintiff by individuals identified in this paragraph. The balance of the allegations in this paragraph are denied.

10. Without knowledge; therefore, denied.

11. Without knowledge; therefore, denied.

## COUNT I

## NEGLIGENT SUPERVISION

12. Defendant Harvey restates his responses to paragraphs 1-11.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## COUNT II

## DELIBERATE INDIFFERENCE

18. Defendant Harvey restates his responses to paragraphs 1-17.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a cause of action against this Defendant.

### Second Affirmative Defense

The allegations in Plaintiff's Complaint, even if true, constitute nothing more than negligence as to this Defendant which Plaintiff has, in fact, alleged. Negligence does not state a claim for violation for an individual's constitutional rights.

### Third Affirmative Defense

Plaintiff fails to state a cause of action under 42 U.S.C. §1983.

### Fourth Affirmative Defense

No causal connection exists between any actions of Defendant Harvey and the alleged deprivation of Plaintiff's constitutional rights.

### Fifth Affirmative Defense

No history of widespread abuse of any custom or policy, formal or informal, existed sufficient to put Defendant Harvey on Notice of a potential for constitutional violations.

### Sixth Affirmative Defense

Defendant Harvey was not personally involved in this incidents complained of nor did he establish any custom or policy which was the moving force behind the alleged deprivation of Plaintiff's constitutional rights.

### Seventh Affirmative Defense

Damages, if any, which may be enforced against Defendant Harvey for any claim allegedly based on state law are limited by the provisions of Section 768.28, Fla. Stat.

### Eighth Affirmative Defense

Any actions of Defendant Harvey with respect to the supervision of the Wakulla County Jail are discretionary activities protected by the doctrine of sovereign immunity.

### Ninth Affirmative Defense

Plaintiff failed to mitigate his damages.

### Tenth Affirmative Defense

Plaintiff failed to obtain jurisdiction over Defendant Harvey in accordance with requirements of Section 768.28(7), Fla. Stat.

### Eleventh Affirmative Defense

Any actions taken by Defendant Harvey, through his deputies or employees, reflect a discretionary policymaking activity or the exercise of discretionary judgment. Accordingly, Defendant Harvey is entitled to the benefit of the defense of sovereign immunity.

### Twelfth Affirmative Defense

The actions of Defendant Harvey, through his deputies or employees, did not create a foreseeable zone of risk; therefore, no duty is owed to Plaintiff by Defendant Harvey.

### Thirteenth Affirmative Defense

Any injuries to Plaintiff were caused by the criminal acts of non-parties, specifically Dwayne Faulkner and Casey Miller, whose actions were an intervening, superceding cause.

### Fourteenth Affirmative Defense

All injuries or damages to Plaintiff were caused by one or more third-party. Any non-economic damage suffered by Plaintiff should be reduced by the pro rata share of fault attributable to those one or more third-parties known at this time to include, but may not be limited to, Inmate Faulkner and Inmate Miller.

### Fifteenth Affirmative Defense

No history of widespread abuse or any custom or policy, formal or informal, existed to put Defendant Harvey on Notice of the potential for constitutional violations or that was the moving force behind the alleged violation of Plaintiff's constitutional rights.

### Sixteenth Affirmative Defense

Defendant Harvey was not personally involved in the incident complained of nor did he establish any custom or policy which caused the alleged incident.

### Seventeenth Affirmative Defense

Plaintiff's damages were caused, at least in part, by his failure to immediately notify jail officials that he had been injured. As a result, any non-economic damages suffered by Plaintiff should be reduced by his comparative fault.

### Request for Trial by Jury

Defendant Harvey requests a trial by jury.

Respectfully submitted this 27th day of August, 2001.

*[signature]*

JOHN W. JOLLY, JR.
Florida Bar No. 291961
BARBARA C. FROMM, ESQ.
Florida Bar No. 894273
JOLLY, PETERSON & WATERS, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
Tel:   (850) 422-0282
Fax:   (850) 422-1913

Attorney for Defendant
Sheriff David Harvey

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was furnished to STEVEN P. GLAZER, Attorney for Plaintiff, 2310 Mavis Circle, Tallahassee, Florida 32301-6715, by U.S. Mail this 27th day of August, 2001.

*[signature]*

BARBARA FROMM