IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR WAKULLA COUNTY, FLORIDA

RICHARD C. O'CONNOR,

      Plaintiff,

vs.

                                                CASE NO. 2001-CA208

DAVID HARVEY, in his official capacity as
Wakulla County Sheriff; and WAKULLA
COUNTY, FLORIDA,

      Defendants.
_____/

*4:01cv385 SPM*

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WAKULLA COUNTY, FLORIDA

COMES NOW the BOARD OF COUNTY COMMISSIONERS OF WAKULLA COUNTY, FLORIDA, (hereinafter referred to as "County"), through undesigned counsel, and responds to Plaintiff's Complaint as follows:

1.     Denied.

2.     Admitted.

3.     Denied as stated.

4.     The allegations in this paragraph do not appear to pertain to Defendant County. To the extent that Plaintiff attempts to bring allegations against Defendant in County in this paragraph, all allegations are denied.

5.     Denied.

6.     Admitted.

7.     Admitted.



8.     Admitted.

9.     Without knowledge as to actions taken against Plaintiff by individuals identified in this paragraph. The balance of the allegations in this paragraph are denied.

10.    Without knowledge; therefore, denied.

11.    Without knowledge; therefore, denied.

## COUNT I

## NEGLIGENT SUPERVISION

12.    Defendant County restates its responses to paragraphs 1-11.

13.    Denied.

14.    This allegations in this paragraph do not pertain to Defendant County. To the extent that Plaintiff attempts to state a cause of action against Defendant County, these allegations are denied.

15.    Denied.

16.    Denied.

17.    Denied.

## COUNT II

## DELIBERATE INDIFFERENCE

18.    Defendant County restates its responses to paragraphs 1-17.

19.    Denied.

20.    Denied.

21.    Denied.

22.     Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a cause of action against this Defendant.

### Second Affirmative Defense

The allegations in Plaintiff's Complaint, even if true, constitute nothing more than negligence which does not state a claim for violation of an individual's constitutional rights.

### Third Affirmative Defense

No causal connection exists between any actions of Defendant County and the alleged deprivation of Plaintiff's constitutional rights.

### Fourth Affirmative Defense

Defendant County had no involvement in the incident complained of nor did it establish any custom, policy or practice which was a moving force behind the alleged incident of which Plaintiff complains.

### Fifth Affirmative Defense

Defendant County is a separate political subdivision and has no authority over the actions of deputy sheriffs employed by the Sheriff of Wakulla County, Florida, or the operation of the Wakulla County Jail.

3

## Sixth Affirmative Defense

Defendant County is immune from liability because it could not form customs, policies or practices which could cause injury to the Plaintiff.

## Seventh Affirmative Defense

Damages, if any, which may be enforced against Defendant County for any claim allegedly based on state law are limited by the provisions of Section 768.28, Fla. Stat.

## Eighth Affirmative Defense

No history of widespread abuse or any custom or policy, formal or informal, exists sufficient to put Defendant County on notice of the potential for constitutional violations.

## Ninth Affirmative Defense

Any damage allegedly suffered by Plaintiff was due to and caused by the illegal and wrongful acts of non-parties, specifically Inmate Faulkner and Inmate Miller, over whom this Defendant had no control nor duty to control and as a result, any non-economic damage suffered by Plaintiff should be reduced by the pro rata share of fault attributable to these third-parties.

## Tenth Affirmative Defense

Plaintiff failed to mitigate his damages.

## Eleventh Affirmative Defense

Plaintiff failed to obtain jurisdiction over Defendant County in accordance with requirements of Section 768.28(7), Fla. Stat.

4

## Twelfth Affirmative Defense

Any actions taken by Defendant County, through its agents or employees, reflect discretionary policymaking activity or the exercise of discretionary judgment. Accordingly, Defendant County is entitled to the benefit of the defense of sovereign immunity.

## Thirteenth Affirmative Defense

The actions of Defendant County, through its agents or employees, did not create a foreseeable zone of risk; therefore, no duty is owed to Plaintiff by Defendant County.

## Fourteenth Affirmative Defense

Any injuries to Plaintiff were caused by the criminal acts of non-parties, specifically Inmate Faulkner and Inmate Miller, whose actions were an intervening, superceding cause.

## Fifteenth Affirmative Defense

All injuries or damages to Plaintiff were caused by one or more third-party. Any non-economic damage suffered by Plaintiff should be reduced by the pro rata share of fault attributable to those one or more third-parties known at this time to include, but may not be limited to, Dwayne Faulkner and Casey Miller.

## Sixteenth Affirmative Defense

No history of widespread abuse or any custom or policy, formal or informal, exists to put Defendant County on Notice of the potential for constitutional violations or that was the moving force behind the alleged violation of Plaintiff's constitutional rights.

## Seventeenth Affirmative Defense

Defendant County was not involved in the incident complained of nor did it establish any custom or policy which caused the alleged incident.

## Eighteenth Affirmative Defense

Plaintiff's damages were caused, at least in part, by his failure to immediately notify jail officials that he had been injured. As a result, any non-economic damages suffered by Plaintiff should be reduced by his comparative fault.

## Request for Trial by Jury

Defendant County requests a trial by jury.

Respectfully submitted this 27 day of August, 2001.

JOHN W. JOLLY, JR.
Florida Bar No. 291961
BARBARA C. FROMM, ESQ.
Florida Bar No. 894273
JOLLY, PETERSON & WATERS, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
Tel:    (850) 422-0282
Fax:    (850) 422-1913

Attorney for Defendant
Sheriff David Harvey

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was furnished to STEVEN P. GLAZER, Attorney for Plaintiff, 2310 Mavis Circle, Tallahassee, Florida 32301-6715, by U.S. Mail this 27 day of August, 2001.

/JOHN W. JOLLY, JR.